Anthony L. Spence

16011 Regency Ranch Road

Riverside, California 92504

Phone: 951-573-4976

Lauraleen A. Petersen

2843 North Gurr Road

Atwater, California 95301

Phone: 209-285-7653

FILED
CLERK, U.S. DISTRICT COURT
NOV 20 2025
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
RIVERSIDE DIVISION

EDCV25-03128-SPG(BFM)

ALEXANDER L. SMITH, an incapacitated individual,
by and through his proposed guardian ad litem,
LAURALEEN A. PETERSEN;
LAURALEEN A. PETERSEN, individually and as successor agent
under the 2020 Advance Health Care Directive;
ANTHONY L. SPENCE, individually and as primary agent
under the 2020 Advance Health Care Directive,
   Plaintiffs,

v.

COUNTY OF RIVERSIDE; RIVERSIDE COUNTY ADULT PROTECTIVE SERVICES;
ERIN WOLBECK, in her individual and official capacities;
KAISER FOUNDATION HOSPITALS d/b/a KAISER PERMANENTE – RIVERSIDE MEDICAL CENTER;
KINDRED HOSPITAL – SANTA ANA;
LISA M. SALAZAR, in her individual and official capacities;
DOES 1–20,
   Defendants.

Case No.: _____

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
UNDER 42 U.S.C. § 1983

DEMAND FOR JURY TRIAL

I. INTRODUCTION

1. Plaintiffs bring this civil rights action to protect their, and Alexander L. Smith's, fundamental constitutional rights to bodily autonomy, familial association (including visitation and communication with family), and medical decision-making. Plaintiffs also seek enforcement of a valid Advance Health Care Directive ("AHCD") executed in June 2020 by Alexander L. Smith, who is currently incapacitated due to a severe brain injury and hospitalized. Plaintiffs allege that Defendants have directly violated Alexander's rights to bodily integrity and medical self-determination, as well as his right to intimate family association, by ignoring his AHCD and excluding his family from his care. Plaintiffs further allege that Defendants infringed Alexander's and Plaintiffs' Fourth Amendment rights to be free from unreasonable searches and seizures of Alexander's home.

2. Plaintiffs do not challenge the state conservatorship proceeding itself. Instead, they challenge unconstitutional conduct by state actors and private medical providers acting jointly with the state. Defendants—without any court order or due process—blocked Plaintiffs from visiting Alexander, interfered with his AHCD and medical decision-making, and deprived both Plaintiffs and Alexander of their constitutional rights.

3. Defendants, including APS, its Deputy Director, private hospitals acting jointly with APS, and the temporary conservator, have unlawfully: (a) blocked all visitation with Alexander; (b) ignored and rendered unenforceable Alexander's AHCD; (c) prevented Plaintiffs from communicating with Alexander; (d) made false representations about Alexander to medical providers; (e) applied an APS TRO as to non-parties; (f) entered Alexander's residence without any legal authority or warrant; and (g) otherwise acted without lawful justification.

II. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343, and under 42 U.S.C. § 1983, to redress Defendants' violations of Plaintiffs' and Alexander's federal constitutional rights.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred within the Central District of California, Riverside Division.

III. PARTIES

6. Plaintiff ALEXANDER L. SMITH is a resident of Riverside County, California who suffers from a severe brain injury and is presently incapacitated and hospitalized. He lacks the capacity to make his own medical decisions. While fully competent in June 2020, Alexander executed a valid AHCD naming his uncle, Anthony L. Spence, as his primary health-care agent and his mother, Lauraleen A. Petersen, as the secondary agent. Alexander specifically

requested that his agents assist him immediately upon incapacity. Because Alexander cannot represent himself in this action, his mother, LAURALEEN A. PETERSEN, as his closest family member and successor AHCD agent, seeks appointment as his guardian ad litem pursuant to Federal Rule of Civil Procedure 17(c). A formal motion to appoint Ms. Petersen as guardian ad litem will be filed concurrently.

7. Plaintiff ANTHONY L. SPENCE is Alexander's uncle and the primary health-care agent under Alexander's June 2020 AHCD. Alexander lived with Mr. Spence, who provided day-to-day care for him. Mr. Spence has actively participated in Alexander's medical decision-making consistent with the AHCD, and he now seeks to vindicate his and Alexander's constitutional rights as a Plaintiff and as Alexander's primary AHCD agent.

8. Plaintiff LAURALEEN A. PETERSEN is Alexander's mother and the secondary health-care agent under the AHCD. She was involved in Alexander's care before his injury and has standing to enforce Alexander's AHCD as his designated successor agent. She brings this action in her individual capacity and seeks appointment as Alexander's guardian ad litem for purposes of this federal action.

9. Defendant COUNTY OF RIVERSIDE and its agency ADULT PROTECTIVE SERVICES ("APS") are charged with protecting vulnerable adults, acting under color of state law.

10. Defendant ERIN WOLBECK is the Deputy Director of Riverside County APS. She directed, authorized, or ratified APS's actions relevant to this case, and she acted under color of state law.

11. Defendant KAISER PERMANENTE – RIVERSIDE MEDICAL CENTER is a private medical provider that has acted jointly with APS in denying Plaintiffs' access to Alexander and ignoring the AHCD.

12. Defendant KINDRED HOSPITAL – SANTA ANA is another private medical provider acting jointly with APS.

13. Defendant LISA M. SALAZAR is the temporary conservator appointed over Alexander's person (purportedly under California Probate Code). She exceeded her narrow authority by unlawfully blocking Alexander's AHCD agents from accessing him without any court authorization.

14. DOE Defendants 1–20 are additional APS or hospital employees and officials who participated in the unlawful acts alleged herein. Their true names and capacities will be substituted when ascertained.

IV. FACTUAL ALLEGATIONS

A. Alexander's Injury and Valid AHCD

15. In June 2020, while fully competent, Alexander executed a legally valid AHCD (Advance Health Care Directive) appointing Anthony L. Spence as his primary health-care agent and

Lauraleen A. Petersen as his alternate agent. Alexander expressly instructed that his agents assist him immediately upon any incapacity.

16. In mid-2025, Alexander sustained a severe traumatic brain injury (in circumstances to be proved at trial), rendering him wholly incapacitated with no ability to manage his own medical decisions. He was hospitalized and placed under a conservatorship proceeding. At all times relevant to this action, Alexander remained unable to advocate for himself. His mother and uncle were the only family actively involved in his care, consistent with his AHCD.

B. APS Illegally Intrudes on Home and Interferes with AHCD

17. On August 13, 2025, APS agents, led or ratified by Deputy Director Wolbeck, arrived at the home of Anthony Spence—where Alexander resided—with no warrant, consent, or any legal justification. This warrantless entry into Alexander's home was an unreasonable search and seizure under the Fourth Amendment, violating Alexander's and Plaintiffs' rights to be secure in their persons and houses against such intrusions.

18. Shortly thereafter, APS directed Kaiser and Kindred to treat Plaintiffs as barred from all access to Alexander, despite the absence of any court order to that effect. Defendants ignored the AHCD and Alexander's established choice of health care agents. By excluding Plaintiffs from Alexander's medical care and confinement, Defendants deprived Alexander of his rights to bodily autonomy and medical self-determination and infringed Plaintiffs' right to familial association with him.

C. APS Files a TRO Against Anthony, Then Dismisses It

19. APS filed a temporary restraining order ("TRO") action in Riverside County case number PRRI2502512 against Plaintiff Anthony Spence only, claiming emergency powers. Defendants nonetheless applied the TRO as if it barred all family members (including Alexander's primary agents) from Alexander, even though Alexander was not a party.

20. On November 4, 2025, APS withdrew that TRO case. Thus any supposed legal basis for denying Plaintiffs access to Alexander disappeared, yet Defendants continued to block visitation and suppress the AHCD without any authority.

D. Hospitals Continue the Violations

21. Kaiser and Kindred continue to deny Plaintiffs' visitation and communication with Alexander and to disregard Alexander's AHCD, relying on APS's now-defunct TRO and misrepresentations. Plaintiffs have repeatedly notified the hospitals that no court has authorized their exclusion, but Defendants have refused to comply. As a result, Plaintiffs (and Alexander through them) have been unable to exercise decision-making authority under the AHCD or to provide family support to Alexander.

E. Temporary Conservator Exceeds Her Authority

22. Temporary conservator Lisa M. Salazar has also exceeded any lawful authority. Under California Probate Code, a conservator does not have carte blanche to bar all visitation or ignore the conservatee's AHCD. Here, Salazar blocked Plaintiffs (Alexander's mother and agent) from contacting Alexander without any court order granting that extreme measure. Her actions usurped Alexander's rights and those of his AHCD agents, beyond the narrow powers granted by the probate court.

F. October 16, 2025 Conservatorship Hearing and Resulting Harm

23. On October 16, 2025, at a conservatorship hearing (Riverside Case PRRI2502736), the court-appointed attorney for Alexander falsely asserted that Alexander "did not want his mother involved" and instead preferred Defendant Salazar as conservator. Plaintiffs immediately corrected the record and produced evidence that before his injury Alexander spoke daily with his mother and had no contact with Salazar for years. The attorney refused to review this evidence, effectively silencing Alexander and overriding his family's rights. These false assertions and the court's acceptance of them have compounded the violation of Alexander's and Plaintiffs' constitutional rights.

G. Imminent and Ongoing Harm

24. A further conservatorship hearing is scheduled for December 3, 2025. Plaintiffs do not seek to enjoin or modify the state proceeding. Rather, they fear that without federal intervention, the continued violations of their constitutional rights (and Alexander's) will intensify. Unless this Court grants relief, Defendants will continue to violate the federal rights at stake before any state hearing can address the matter.

H. Judge Cohen's Unlawful Suspension of the AHCD Without Due Process

25. On September 22, 2025, at a hearing before Judge Cohen in Riverside County Superior Court (Case No. PRRI2502736), the Court orally announced that Alexander's June 2020 Advance Health Care Directive ("AHCD") was "suspended," despite no temporary or permanent conservator being appointed, no petition requesting such suspension, and no statutory authority permitting an oral suspension of an AHCD without due process.

26. Judge Cohen issued this oral suspension without providing notice to the AHCD agents, without taking evidence, without making findings required under California Probate Code §§ 2355 and 4766, and without issuing any written order. Under California law, an AHCD may only be suspended after a noticed evidentiary hearing with express statutory findings. See Thor v. Superior Court, 5 Cal. 4th 725 (1993); Conservatorship of Wendland, 26 Cal. 4th 519 (2001).

27. Judge Cohen further permitted APS and medical providers to disregard the AHCD and treat APS as possessing medical-decision authority, even though APS is not a legally authorized surrogate under California law, had no conservatorship appointment, and had no statutory authority to override Alexander's chosen agents.

28. This void oral action triggered the constitutional violations that followed. APS, Kaiser, and Defendant Salazar acted as though the AHCD had been lawfully suspended, relying on Judge Cohen's directive to bar Plaintiffs' access to Alexander, suppress AHCD authority, withhold medical information, and interfere with familial association.

29. Although Judge Cohen later removed herself from the case, her unconstitutional directive continued to be relied upon by APS, Kaiser, and Defendant Salazar. No court ever reinstated or clarified the AHCD's validity, and the ongoing deprivation of Plaintiffs' and Alexander's constitutional rights is directly traceable to this unlawful judicial action.

30. The United States Supreme Court has recognized that individuals possess a constitutionally protected liberty interest in directing their own medical care and in appointing a surrogate decision maker to act upon incapacity. Cruzan v. Director, Missouri Dep't of Health, 497 U.S. 261 (1990). Judge Cohen's unilateral oral suspension of Alexander's AHCD—without notice, evidentiary hearing, statutory findings, or written order—directly violated this protected liberty interest and enabled APS, Kaiser, and Defendant Salazar to continue overriding Alexander's chosen agents in violation of the Fourteenth Amendment.

V. LEGAL CLAIMS

COUNT 1 – Fourteenth Amendment – Procedural Due Process (42 U.S.C. § 1983)

31. Plaintiffs incorporate all preceding paragraphs.

32. Defendants deprived Plaintiffs of their rights to visitation, familial integrity, and medical decision-making, and deprived Alexander of his rights to bodily integrity, autonomy, and medical self-determination, without any notice, hearing, or lawful justification. These deprivations violated the Due Process Clause of the Fourteenth Amendment.

COUNT 2 – Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983)

33. Plaintiffs incorporate all preceding paragraphs.

34. The constitutional right to family association is fundamental. Defendants unreasonably interfered with this right as to Plaintiffs and to Alexander by preventing Alexander from communicating with and being visited by his family without any court order. Defendants also infringed Alexander's fundamental right to bodily integrity and personal autonomy over medical decisions (including the right to make health-care choices and refuse treatment). Their actions were not narrowly tailored or otherwise justified, and thus violated substantive due process.

COUNT 3 – Violation of Rights under Valid AHCD (42 U.S.C. § 1983)

35. Plaintiffs incorporate all preceding paragraphs.

36. Defendants interfered with Alexander's legally valid Advance Health Care Directive (AHCD), contrary to Cruzan v. Director, Missouri Dep't of Health, 497 U.S. 261, 269–70 (1990) and California law recognizing patient-designated health-care agents. By refusing to honor Alexander's AHCD and by excluding his chosen agents from decision-making, Defendants violated Alexander's and Plaintiffs' constitutional rights.

COUNT 4 – Monell Liability (42 U.S.C. § 1983)

37. Plaintiffs incorporate all preceding paragraphs.

38. The unconstitutional conduct alleged above was carried out pursuant to official policy, custom, or practice of Riverside County and APS, including failures to train or supervise APS employees, and actions ratified by Deputy Director Wolbeck. As a result, the County is liable under Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

COUNT 5 – Declaratory Relief

39. Plaintiffs incorporate all preceding paragraphs.

40. Plaintiffs seek a declaration that Defendants have violated Plaintiffs' and Alexander's constitutional rights as alleged herein, and that Alexander's June 2020 AHCD remains valid, enforceable, and must be honored.

COUNT 6 – Fourth Amendment – Unreasonable Search and Seizure (42 U.S.C. § 1983)

41. Plaintiffs incorporate all preceding paragraphs.

42. Defendants, acting under color of law, conducted a warrantless search and intrusion into Alexander's home on August 13, 2025. No exigent circumstances or consent justified their entry. By entering the home where Alexander resided and seizing or examining property and communications without a warrant, Defendants violated Alexander's and Plaintiffs' rights under the Fourth Amendment to be secure in their persons and houses against unreasonable searches and seizures.

VI. PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and Alexander L. Smith, request that this Court:

43. Enforce Visitation and Family Contact: Order the immediate restoration of all visitation and communication rights between Alexander and Plaintiffs (his mother and uncle) to the fullest extent allowed by law.

44. Enforce Advance Health Care Directive: Order enforcement of Alexander's June 2020 AHCD, requiring Defendants and all medical providers to recognize and follow the decisions of Alexander's designated health-care agent, Anthony L. Spence (and secondary agent Lauraleen Petersen).

45. Enjoin Interference with Rights: Issue an injunction prohibiting Defendants from continuing to interfere with Plaintiffs' and Alexander's rights to familial association, visitation, and medical decision-making. Specifically, bar Defendants from denying Plaintiffs access to Alexander or from ignoring Alexander's AHCD in the future.

46. Injunction Against Defendants: Issue injunctive relief requiring Defendants, including Kaiser Permanente – Riverside Medical Center and Kindred Hospital, to honor Alexander's AHCD and to allow Plaintiffs all appropriate access under that directive.

47. Declaratory Relief: Grant a declaration that Defendants' actions violated the constitutional rights of Plaintiffs and Alexander, and that Alexander's AHCD is valid and must be enforced.

48. Damages and Fees: Preserve Plaintiffs' claims for damages and attorneys' fees (to be sought in a later phase of the case) under 42 U.S.C. § 1983 and applicable law.

49. Other Relief: Grant such other and further relief as the Court deems just and proper to safeguard Alexander's and Plaintiffs' constitutional rights.

VII. JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

Dated: November 17, 2025

*Lauraleen A. Petersen*

LAURALEEN A. PETERSEN
Plaintiff and Proposed Guardian ad Litem
for Plaintiff Alexander L. Smith

ANTHONY J. SPENCE
Plaintiff, in propria persona