Thomas R. Bradford, Esq., Bar No.: 110230
tbradford@pbbgbs.com
Gil Burkwitz, Esq., Bar No.: 289337
gburkwitz@pbbgbs.com
Lusine Arshakyan, Esq., Bar No.: 348834
larshakyan@pbbgbs.com
**PETERSON BRADFORD BURKWITZ GREGORIO BURKWITZ & SU, LLP**
100 North First Street, Suite 300
Burbank, California 91502
T: 818.562.5800
F: 818.562.5810

Attorneys for Defendant,
KAISER FOUNDATION HOSPITALS, INC. (erroneously sued herein as KAISER FOUNDATION HOSPITALS d/b/a Kaiser Permanente-Riverside Medical Center)

**PETERSON BRADFORD BURKWITZ**
**GREGORIO BURKWITZ & SU, LLP**
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

ALEXANDER L. SMITH, an incapacitated individual, by and through his proposed guardian ad litem, LAURALEEN A. PETERSEN; LAURALEEN A. PETERSEN, individually and as successor agent under the 2020 Advance Health Care Directive; ANTHONY L. SPENCE, individually and as primary agent under the 2020 Advance Health Care Directive,

Plaintiff,

vs.

COUNTY OF RIVERSIDE; RIVERSIDE COUNTY ADULT PROTECTIVE SERVICES;
ERIN WOLBECK, in her individual and official capacities;
KAISER FOUNDATION HOSPITALS d/b/a KAISER PERMANENTE - RIVERSIDE MEDICAL CENTER;
KINDRED HOSPITAL - SANTA ANA;
LISA M. SALAZAR, in her individual and official capacities;
DOES 1-2,

Defendants.

Case No.: 5:25-cv-03128-SPG-ACCV
Assigned to the Honorable: Sherilyn Peace Garnett
[Courtroom 5C]

**DEFENDANT KAISER FOUNDATION HOSPITALS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Complaint Filed: November 20, 2025

Defendant, KAISER FOUNDATION HOSPITALS d/b/a KAISER PERMANENTE-RIVERSIDE MEDICAL CENTER ("Kaiser") hereby submits its opposition to Plaintiffs, Anthony L. Spence and Lauraleen A. Petersen's ("Plaintiffs") Motion for Leave to Amend, as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs moved to seek leave from Court to file a Second Amended Complaint, while Kaiser's Motion to Dismiss the First Amended Complaint is pending. Instead of opposing Kaiser's Motion to Dismiss, Plaintiffs elected to seek leave to file an amended complaint arguing that they discovered additional facts to support their claims against Kaiser.

Nothing in the proposed Second Amended Complaint supports their Section 1983 claims against Kaiser. The "new facts" are nothing but conjecture. Nothing in the proposed amendment cures the defects identified by Kaiser in its Motion to Dismiss the FAC. The Court should deny leave to amend as it is futile.

## II. ARGUMENT

The Federal Rules of Civil Procedure provide that a party seeking leave to amend a pleading after a response has been filed may do so either by stipulation or with leave of court. *See* Fed. R. Civ. P. 15(a)(2). Federal policy strongly favors determination of cases on their merits.

To determine whether to grant leave to amend, courts consider the following five factors (often referred to as the "Foman factors"): (1) undue delay, (2) bad faith, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice, and (5) futility of amendment. *See Eminence Capital*, 316 F.3d at 1051-52 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Leave to amend may be denied if the proposed amendment is *futile* or would be subject to dismissal. *Carrico v. City of & County of San Francisco* 656 F3d 1002, 1008 (9th Cir. 2011.)

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

Here, Plaintiffs' proposed amendment does not cure the deficiencies identified in the FAC, mainly that something more needs to be pled in order to find a private hospital, Kaiser, liable for civil rights violations. Plaintiff Spence's proposed amendment as it relates to Kaiser, is to distinguish the August 25th Kaiser meeting from the physician and case-management calls received on August 26th, and that he received no formal communication from Kaiser legal or its Director of Case Management declaring his authority reinstated. [DKT. 79, pg. 15] Additionally, Plaintiff Spence alleges that Jennifer Amero (Kaiser personnel) acknowledged Adult Protective Services (APS) had ordered his exclusion, while acknowledging that he was not on the call. [DKT. 79, pg. 19] He argues that the access was denied even before a Temporary Restraining Order was signed by the Court. [Dkt. 79, pg. 21] Spence allegedly overheard the Kaiser's account of APS direction, but he was not on the call. [Dkt. 79, pg. 21] The "new facts" alleged by Plaintiff Petersen follow suit, and she too claims that no TRO was signed when she was not allowed to visit the decedent. [Dkt. 79, pg. 26]

None of these alleged "new facts" and/or "discoveries support a finding that Kaiser was acting under the color of state law for purposes of bringing forth a claim under 42 U.S.C §1983. These are not facts but rather speculation on the part of Plaintiffs as to whether or not Kaiser took direction from APS and thereby must have been acting under APS's direction. "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992). Even with the new discovered facts, Plaintiffs fail to raise a viable claim against a private hospital, Kaiser, for purposes of Section 1983 liability.

Plaintiffs have already been granted leave to amend the Complaint, which they did, and they filed a FAC. [Dkt. 67] The Court instructed them that "something more" than conclusory statements was required for purposes of establishing that Kaiser was acting under a color of state law. [Dkt. 67] They have failed to do so yet again and failed to follow the Court's order.

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

For the reasons stated above, Defendant respectfully requests that Plaintiffs' Motion be denied as any amendment at this point is futile.

## III. CONCLUSION

For the above reasons and those briefed in Defendant's pending motion to dismiss the First Amended Complaint [Dkt. 72], the Court should deny Plaintiffs' Motion for Leave to File a Second Amended Complaint.

DATED: November 25, 2026

**PETERSON BRADFORD BURKWITZ GREGORIO BURKWITZ & SU**

By: /s/ Lusine Arshakyan
Thomas R. Bradford, Esq.
Gil Burkwitz, Esq.
Lusine Arshakyan, Esq.
Attorneys for Defendant,
KAISER FOUNDATION HOSPITALS, INC. (erroneously sued herein as KAISER FOUNDATION HOSPITALS d/b/a Kaiser Permanente-Riverside Medical Center)

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

PETERSON BRADFORD BURKWITZ
GREGORIO BURKWITZ & SU, LLP
100 North First Street, Suite 300
Burbank, California 91502
Telephone 818.562.5800

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On November 25, 2026, I served the foregoing document described as:

**DEFENDANT KAISER FOUNDATION HOSPITALS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED MAILING LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **BY MAIL:** I deposited such envelope in the mail at Burbank, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Burbank, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY ELECTRONIC MAIL:** Based on court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address(s) below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 25, 2026, in Burbank, California.

/s/ Maribel De Arcos
Maribel De Arcos

# SERVICE LIST

**RE: Spence, Anthony L. v. Kaiser Foundation Health Plan, Inc., et al.**

**Case No.:** 5:25-cv-03128-SPG-BFM

Alexander L. Smith
2843 North Gurr Road
Atwater, CA. 95301
T:209-285-7653

Anthony L. Spence
16011 Regency Ranch Road
Riverside, CA 92504
T: 951-573-4976
E: artprose111@gmail.com

Lauraleen A. Petersen
2843 North Gurr Road
Atwater, California 95301
T: 209-285-7653
E: petersen.laura@ymail.com

**In Pro Per**

David A. Rawi
drawi@lagerlof.com
Michael Rapkine
mrapkine@lagerlof.com
**LAGERLOF, LLP**
155 North Lake Avenue, 11th Floor
Pasadena, California 91101
Tel: (626) 793-9400
Fax: (626) 793-5900

**Attorneys for Defendant KINDRED HOSPITAL**

Minh C. Tran, Esq.
Justin J. Janzen, Esq.
Office Of County Counsel, County Of Riverside
3960 Orange Street, Suite 500
Riverside, CA 92501-3674

Telephone: (951) 955-6300
Facsimile: (951) 955-6363
E: jjanzen@rivco.org
ssmall@rivco.org

**Attorneys for Defendant, County of Riverside and Erin Wolbeck**